IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA SMITH,** | : | CIVIL ACTION |
| Plaintiff | : | No.: |
| v. | : | JURY DEMAND |
| **COMMISSIONER CHARLES RAMSEY**, and **CITY OF PHILADELPHIA,** | : | |
| Defendants. | : | |

### COMPLAINT

**I.   INTRODUCTION**

1.   Plaintiff, MELISSA SMITH, brings this civil action seeking all relief provided under the law including but not limited to compensatory, consequential, nominal, and punitive damages, reasonable attorney fees, litigation costs, and equitable relief including injunctive and declaratory relief such as but not limited to reinstatement and the declaration of an unconstitutional, void an invalid policy and conduct.

2.   The relief sought is provided under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.), Americans with Disabilities Act of 1990 (42 U.S.C. 126 et seq.), ("ADA"), and the comparable state law, Pennsylvania Human Relations Act (43 P.S. §§951 – 963 et seq.), ("PHRA") for discrimination on the basis of, sex, race, color and the denial of equal employment terms and conditions because of a qualified disability as defined under the Americans with Disability Act.

3.   The Defendants at all times connected to the claims knew or were on notice that their conduct would result or likely result in a deprivation of the rights, and that their conduct would subject them to liability under Title VII, the ADA, and the comparable state law.

4. As is more fully set forth below, Defendants for all times connected to the claim acted as aiders and abettors of the City of Philadelphia's policy to discrimination against employees on the basis of their sex, race, color, and/or disability, or not provide reasonably accommodations to such disabled employees as defined under Title VII, the ADA and the PHRA.

## II. JURISDICTION / VENUE

5. Jurisdiction for the District Court to hear this action is afforded to the District Court pursuant to 28 U.S.C. § 1331 (Federal Question), Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e), and the ADA of 1990 (42 U.S.C. 126 et seq.).

6. Venue properly lies in the United States District Court for the Eastern District of Pennsylvania because the cause of action herein pleaded occurred in Philadelphia County which is located in the venue established for the District Court for the Eastern District of Pennsylvania. Plaintiff invokes supplemental jurisdiction under 28 U.S.C. § 1367 so the District Court can resolve the state pendent claims.

## III. PARTIES

7. MELISSA SMITH, (herein after Plaintiff) is a resident of and has domicile in the County of Philadelphia, Pennsylvania; she is an employee as intended under Title VII (42 U.S.C. § 2000(e).

8. COMMISSIONER CHARLES RAMSEY, (herein after Commissioner Ramsey) is a resident of and has domicile in the County of Philadelphia, Pennsylvania; he is an employee as intended under Title VII (42 U.S.C. § 2000(e); and he is a supervisor with authority and control over Plaintiff's employment terms and conditions.

9. CITY OF PHILADELPHIA, (herein after Defendant, City) is a municipal entity that exists and acts only pursuant to state law; it is an employer as intended under Title VII (42 U.S.C. § 2000e et seq.), and employs over 500 people.

IV.   **FACTS**

10.   Plaintiff was hired by the City of Philadelphia Police Department on or about September 18, 1995, and assigned to the 9th District. Plaintiff is a Black, female.

11.   On or about May 28, 2006, Plaintiff sustained a work connected injury; a drunk driver stuck the police vehicle she was driving; **injuring her right leg, right elbow, neck and entire back area.** The injury prevented Plaintiff from performing her full officer duties; she was placed on Injured-On-Duty ("IOD") status and then put on limited duty; which duties she performed satisfactorily.

12.   In or about July 2007 Plaintiff had surgery on her Right ankle. Upon returning to work Plaintiff was seen by the City Physicians at 19th and Fairmount; who did not perform an examination of Plaintiff's ankle, but determined that she should be placed on "restricted duty" for a non-work related injury.

13.   In the summer of 2008 Plaintiff had a second surgery on her Right ankle for the reason that the first surgeon had put the wrong size bone in her ankle. Plaintiff applied for, and was approved, for the maximum number of extensions of "restricted duty".

14.   In or about November 2008 Plaintiff was then taken off the payroll; meaning that Plaintiff would but still considered an employed Police Officer for an additional one year.

15.   On or about November 5, 2009, Plaintiff was notified by a civilian worker, at Police Personnel, that she was unable to remain in employment with the City of Philadelphia Police Department; she was given the choice to either return to "full duty" or be terminated. Plaintiff did not "voluntarily" retire from the Police Department. Plaintiff then applied for, and was approved for "non-service connected disability" retirement. Under the Police Directives an Officer is allowed to return to employment within one year.

16. In or about August 2010, Plaintiff was medically cleared to return to full duty and applied for reinstatement as a Police Officer to the Philadelphia Police Department. Plaintiff was willing and able to perform all necessary job duties of a Police Officer, with or without accommodation. Upon being cleared, Plaintiff met with Ms. Wendy Milewski, Human Resource Manager.

17. On or about September 16, 2010, Plaintiff was, *without good cause*, denied reinstatement as an officer to the Philadelphia Police Department by Defendant Ramsey; although she was cleared to return to full duty and for reinstatement.

18. On or about September 28, 2010 Plaintiff filed an appeal for her denial to be reinstated. On or about November 10, 2010 the Police Department rejected Plaintiff's appeal.

19. On or about September 18, 2010, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of race, sex, color and disability. Plaintiff has exhausted all administrative remedies and has received a Right-to-Sue letter which allows Plaintiff to bring this action in Federal Court.

## V.  CAUSES OF ACTION

COUNT I
Title VII - 42 U.S.C. 2000e
ADA - 42 U.S.C. 126 et seq.
Smith v. City of Philadelphia

20. Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

21. Plaintiff's protected status is a Black, female, and disabled.

22. Defendants, City of Philadelphia and Commissioner Ramsey, deprived Plaintiff of an employment opportunity because of her race, color, sex and/or disability, while Plaintiff was able, with or without reasonable accommodation, to perform the essential functions of the job.

23. Plaintiff was diagnosed, regarded or considered as disabled after she was involved in an on-duty car accident injuring her right leg, right elbow, neck and entire back area. The injury prevented Plaintiff from performing her full officer duties, and she was given modified duties. Additionally, Plaintiff had two surgeries on her right foot, which again prevented her from performing her full duties as an officer.

24. Plaintiff is a qualified individual, as she is able to perform the essential functions of a Police Officer, evidenced by her performance evaluations, and years of employment in that capacity.

25. Defendants, City of Philadelphia and Commissioner Ramsey, were **aware** of Plaintiff's disability as shown by Police documentation, and by the fact that Plaintiff was placed on limited duty and subsequently restricted duty.

26. Defendants, City of Philadelphia and Commissioner Ramsey, discriminated against Plaintiff in the terms and conditions of her employment, based on her race, sex, color and/or disability, including but not limited to; **a) deceiving her into filing for a non-service connected disability; b) denying her reinstatement to the Police Department after being medically cleared for full duty and having passed all police requirements to return to full duty; c) rejecting her appeal for reinstatement.**

27. Plaintiff's race, sex, color and/or disability was a motivating factor in failing to reinstatement Plaintiff.

28. Other Police Officers, upon having retired from the department, based on either a service connected or non-service connected disability *were* reinstated upon request. Plaintiff was treated differently because of her race, sex, color and/or disability, in that she was denied reinstatement.

29. The City of Philadelphia has a policy, practice, or custom, or condones and/or acquiesces to discrimination against, and/or fail to provide reasonable accommodations to its employees because of their race, sex, color and/or disability(ies) as defined under Title VII and the ADA.

30. Defendants, City of Philadelphia and Commissioner Ramsey, are supervisors over Plaintiff and/or have authority over Plaintiff's terms and conditions of employment, such as, reinstatement, work assignments, scheduling, transfers, reinstatement, and employment status; e.g. injured-on-duty status; limited duty; restricted duty.

31. As such, Defendant, Commissioner Ramsey, carried out the City's policy, practice or custom to discrimination against, and/or fail to provide reasonable accommodations to its employees because of their race, sex, color and/or disability(ies) as defined under Title VII and the ADA.

32. On or about September 18, 2010 Plaintiff filed a complaint with the EEOC which was dual filed with the Pennsylvania Human Relations Commission, against the City of Philadelphia Police Department, alleging discrimination on the basis of Plaintiff's race, sex, color and disability. The complaint named Defendant, Commissioner Ramsey, as to put *the City* on notice of potential liability under the discrimination and disability laws of the United States and the Commonwealth of Pennsylvania under the "cat's paw" theory of liability.

COUNT II
State Pendent Claim
Pennsylvania Humans Relations Act - 43 P.S. §§ 951 – 963
Smith v. City of Philadelphia, Commissioner Ramsey

33. Plaintiff incorporates all preceding paragraphs hereto and as though repeated verbatim.

34. Plaintiff's protected status is a Black, female, and disabled.

35. Defendants, City of Philadelphia and Commissioner Ramsey, deprived Plaintiff of an employment opportunity because of her race, color, sex and/or disability, while Plaintiff was able, with or without reasonable accommodation, to perform the essential functions of the job.

36. Plaintiff was diagnosed, regarded or considered as disabled after she was involved in an on-duty car accident injuring her right leg, right elbow, neck and entire back area. The injury prevented Plaintiff from performing her full officer duties, and she was given modified duties. Additionally, Plaintiff had two surgeries on her right foot, which again prevented her from performing her full duties as an officer.

37. Plaintiff is a qualified individual, as she is able to perform the essential functions of a Police Officer, evidenced by her performance evaluations, and years of employment in that capacity.

38. Defendants, City of Philadelphia and Commissioner Ramsey, were **aware** of Plaintiff's disability as shown by Police documentation, and by the fact that Plaintiff was placed on limited duty and subsequently restricted duty.

39. Defendants, City of Philadelphia and Commissioner Ramsey, discriminated against Plaintiff in the terms and conditions of her employment, based on her race, sex, color and/or disability, including but not limited to; **a) deceiving her into filing for a non-service connected disability; b) denying her reinstatement to the Police Department after being medically cleared for full duty and having passed all police requirements to return to full duty; c) rejecting her appeal for reinstatement.**

40. Plaintiff's race, sex, color and/or disability was a motivating factor in failing to reinstatement Plaintiff.

41. Other Police Officers, upon having retired from the department, based on either a service connected or non-service connected disability *were* reinstated upon request.

7

Plaintiff was treated differently because of her race, sex, color and/or disability, in that she was denied reinstatement.

42. The City of Philadelphia has a policy, practice, or custom, or condones and/or acquiesces to discrimination against, and/or fail to provide reasonable accommodations to its employees because of their race, sex, color and/or disability(ies) as defined under Title VII and the ADA.

43. Defendants, City of Philadelphia and Commissioner Ramsey, are supervisors over Plaintiff and/or have authority over Plaintiff's terms and conditions of employment, such as, reinstatement, work assignments, scheduling, transfers, and employment status; e.g. "injured-on-duty" ("IOD") status.

44. As such, Defendant, Commissioner Ramsey, aided and abetted the City's policy, practice or custom to discrimination against, and/or fail to provide reasonable accommodations to its employees because of their race, sex, color and/or disability(ies) as defined under Title VII and the ADA.

45. On or about September 18, 2010 Plaintiff filed a complaint with the EEOC which was dual filed with the Pennsylvania Human Relations Commission, against the City of Philadelphia Police Department, alleging discrimination on the basis of Plaintiff's race, sex, color and disability. The complaint named Defendants, Commissioner Ramsey, as to put *him individually* on notice of potential liability under the discrimination and disability laws of the United States and Commonwealth of Pennsylvania under the "aider and abettor" theory of liability.

VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court enter judgment for them and against the Defendants; to hold the Defendants jointly and severally liable; to award the Plaintiff such relief

as to make Plaintiff whole, including such relief as, but not limited to, compensatory, consequential and punitive damages, front and back pay, negative tax consequence relief, reasonable attorney fees, litigation costs, and any and all other such relief, including equitable relief, allowed by law or that the Court deems proper and just. Including declaring the Defendants acts, actions or omissions to have violated the Plaintiffs' rights, the policy, practice or custom unconstitutional, overly broad or sweeping, and to enjoin the City and its employees from aiding or abetting the policy, practice and custom declared unconstitutional.

Date:   January 4, 2012

Respectfully submitted,

BY _____
Alexis I. Zafferes, Esq.
Attorneys for Plaintiff
LAW OFFICES OF BRIAN M. PURICELLI
691 Washington Crossing Rd.
Newtown PA 18940
(215) 504-8115/ 8116